**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAN MARASEK & JOAN BYRON MARASEK,<br><br>        Appellants,<br><br>v.<br><br>WILENTZ, GOLDMAN & SPITZER & DAVID A. KASEN, ESQ.,<br><br>        Appellees. | Civil Action No. 12-cv-5422<br><br>**MEMORANDUM DECISION & ORDER** |

The Debtor-Appellants Joan A. Marasek and Jan Marasek ("Appellants") appeal from the following orders of the United States Bankruptcy Court:

- two July 16, 2012 orders denying Appellants' cross motions relating to motions to quash filed by Kasen & Kasen and Wilentz Goldman & Sptizer, P.A. (docket entry nos. 341, 342 in bankruptcy); and

- the July 17, 2012 order quashing subpoenas issued by the Appellants, prohibiting Appellants from serving further discovery requests and filing motions without prior leave of court (docket entry no. 343 in bankruptcy).

Appellees Wilentz, Goldman & Spitzer, P.A. ("Wilentz") and David A. Kasen, Esq. ("Kasen") (collectively, "Appellees") contend that this Court lacks jurisdiction to hear Appellants' appeal, and that if the Court has jurisdiction it should uphold the orders of the bankruptcy court. The Court has considered the parties' written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78.

1

**BACKGROUND**

Kasen filed a Chapter 13 Petition on behalf of appellants in October 2008.  In July 2009, an Order Confirming Plan was entered which provided for monthly payments of $100.00 per month to the Chapter 13 Trustee and required a sale or refinance of the Appellants' real estate by June 2011 so that the proceeds could be used to pay one hundred percent of all allowed claims.  In September 2009, the bankruptcy court entered an order deeming Wilentz's proof of claim an allowed, secured claim.  When the Appellants did not make progress toward the sale or refinance of their property, Wilentz filed a Motion to Convert the case to one under Chapter 7 of the Bankruptcy Code, which was ultimately granted on July 1, 2011.  Between the filing Wilentz's motion to convert the case to a Chapter 7 case and the bankruptcy court's order granting the motion, the bankruptcy court granted Kasen's motion to withdraw as Appellants' attorney.

Later, both Kasen and Wilentz were served by Appellants with subpoenas to produce documents.  In general, the subpoenas sought several categories of documents relating to communications between Wilentz and Kasen, as well as other individuals including Deputy Attorney General Andrew Reese, realtor Davis Chant of Chant Realty, Standing Chapter 13 Trustee Albert Russo, Barry Frost, Esquire, and the Honorable Michael B. Kaplan, U.S.B.J.  Appellants sought discovery in support of their allegations of collusion, conspiracy, perjury, obstruction of justice, concealment of evidence, bankruptcy fraud, and conflict of interest directed at Appellees and third parties.  Appellants filed Cross Motions to both the Kasen and Wilentz motions to quash, seeking to hold Appellees in contempt of court and for the court to impose monetary sanctions.  The bankruptcy court entered its oral opinion on July 10, 2012, and entered a written Order Quashing the Subpoenas issued by the debtors on July 17, 2012 and

denying the two Cross Motions on July 16, 2012. The debtors filed Notices of Appeal with respect to each of the orders.[1]

**ANALYSIS**

"[T]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). Appellate jurisdiction over interlocutory orders and decrees requires the leave of court. 28 U.S.C. § 158(a)(3). The orders at issue here are not final judgments, orders, or decrees, in that they did not "end the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). "[D]iscovery orders generally are held to be interlocutory and non-appealable." See *In re Jeannette* Corp*., 832 F.2d 43, 46 (3d Cir. 1987)*. Leave of the Court is therefore required for jurisdiction over such appeals to exist. 28 U.S.C. § 158(a)(3). As such, the Court does not have jurisdiction to hear this appeal. This Court will therefore treat the appeal, improperly taken, as a motion for leave to appeal, pursuant to Fed. R. Bankr. P. 8003(c).

"It is now well-established that district courts will apply the standard outlined in 28 U.S.C. § 1292(b)" in determining whether it is appropriate to grant leave to file an interlocutory appeal of an order of the Bankruptcy Court. S*ee In re Shafer*, No. 09-3575, No. 09-4254, 2009 U.S. Dist. LEXIS 95648, 2009 WL 3334877, at *1 (D.N.J. Oct. 14, 2009). To merit a Section 1292(b) certification, the movant must show that there is (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *Katz v. Carte Blanche Corp.*, 496

---

[1]  Appellants only filed an Appellate Brief in the above captioned matter, and have not filed Appellate Briefs in the other two appeals. The other two appeals were consolidated into this matter by the Court.

F.2d 747, 754 (3d Cir. 1974). The decision to grant certification is within the district court's discretion, even where all three criteria are present. *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976).

Discovery orders such as the ones at issue here are neither final orders nor appealable on an interlocutory basis, insofar as a challenge to "the discretionary . . . determination[] of the Bankruptcy Judge" does not raise a controlling question of law. *See In re Shafer*, 2009 U.S. Dist. LEXIS 95648, 2009 WL 3334877, at *1 (citing *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204, 209-10, 119 S. Ct. 1915, 144 L. Ed. 2d 184 (1999)). Appellant's instant appeal, therefore, whether construed as an appeal or as a motion for leave to appeal, should therefore be denied. An appropriate order follows.

### ORDER

**IT IS** on this 29th day of May, 2013,

**ORDERED** that Appellants' appeal is DENIED and this matter is CLOSED.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.